## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**East Coast Underground, LLC,**
**Plaintiff Below, Petitioner**

**vs)  No. 14-0663** (Harrison County 14-76)

**Daniel Utility Construction, Incorporated,**
**Defendant Below, Respondent**

**FILED**

March 13, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner East Coast Underground, LLC, by counsel Gregory H. Schillace, appeals the June 6, 2014, order of the Circuit Court of Harrison County, which granted Respondent Daniel Utility Construction's motion to dismiss on the grounds of improper venue. Respondent, by counsel Kenneth E. Webb, Jr. filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 18, 2013, petitioner and respondent entered into a subcontract which contained the following forum-selection clause:

> This Agreement shall be governed and construed in accordance with the laws of the State of Arkansas. [Petitioner] does hereby irrevocably consent to the exclusive jurisdiction of the court of the State of Arkansas with respect to any action or proceedings arising between the parties and expressly covenant and agrees that the exclusive jurisdiction for disputes and enforcement actions arising hereunder shall occur in Pulaski County, Arkansas.

On or about February 14, 2014, petitioner instituted a civil action in the Circuit Court of Harrison County, seeking to recover sums due and owing for services provided to respondent. In lieu of filing an answer to the complaint, respondent filed a motion to dismiss. The motion to dismiss asserted that venue was improper based upon the forum-selection clause contained in the subcontract between parties. Petitioner filed a response to the motion to dismiss, and attached the affidavit of the sole member/manager of petitioner, Richard Domas, in support of its response. In the affidavit, Mr. Domas admitted that he was intimately and exclusively involved on behalf of petitioner in negotiating, entering, and executing the "Subcontract Agreement." Mr. Domas also stated that respondent did not discuss, mention, or communicate to him any information with

1

respect to the forum-selection clause, and that the agreement was fully and completely prepared by representatives of respondent. Mr. Domas additionally claimed that there was no negotiation with respect to the forum-selection clause and no information imparted to him with respect to that clause.

On June 6, 2014, the circuit court granted respondent's motion to dismiss for improper venue. Petitioner now appeals. Petitioner asserts that the circuit court erred by granting respondent's motion to dismiss, and enforcing the forum selection clause of the subcontract. "This Court's review of a trial court's decision on a motion to dismiss for improper venue is for abuse of discretion." Syl. Pt. 1, *United Bank v. Blosser*, 218 W.Va. 378, 624 S.E.2d 815 (2005).

Relying upon *Caperton v. A.T. Massey Coal Co., Inc.*, 225 W.Va. 128, 690 S.E.2d 322 (2009), petitioner claims that the forum-selection clause was not reasonably communicated to petitioner, and therefore not enforceable. In *Caperton*, this Court adopted a four part test to determine if a claim should be dismissed based upon a forum selection clause.

> Determining whether to dismiss a claim based on a forum-selection clause involves a four-part analysis. The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires classification of the clause as mandatory or permissive, *i.e.,* whether the parties are *required* to bring any dispute to the designated forum or are simply *permitted* to do so. The third query asks whether the claims and parties involved in the suit are subject to the forum-selection clause. If the forum-selection clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.

225 W.Va. at 133, 690 S.E.2d at 327, syl. pt. 4. Petitioner concedes that the subcontract clause has mandatory force, and covers the claims and parties involved in the dispute. But, petitioner asserts that additional communication is required outside of the written terms of the contract, and that no discussion of this forum-selection clause took place prior to the signing of the agreement. Petitioner admits that if this Court were to find that the communication of the clause was sufficient, that the clause is presumptively enforceable. Petitioner attempts to rebut this presumption by arguing that enforcement of the clause would be unreasonable and unjust; however, petitioner asserts that it was denied the opportunity to develop facts to support this contention because of the dismissal of the complaint.

We find that the circuit court did not abuse its discretion by holding that the forum-selection clause of the parties' contract is enforceable; and properly granted respondent's motion to dismiss. Petitioner has failed to demonstrate that the forum-selection clause was not reasonably communicated, or to show that enforcement of the clause was unreasonable or unjust. Richard Domas, the sole member and manager of petitioner, admitted that he was "intimately and exclusively" involved on behalf of petitioner in negotiating, entering, and executing the

2

contract, which specifically contains the choice of law and venue provisions. Mr. Domas signed the contract in his individual capacity, which included a forum-selection clause that was in regular sized font and under the heading "Choice of Law and Venue: Subcontractor's Remedies." Furthermore, Paragraph 33 of the contract states as follows:

> The parties hereto acknowledge and agree that, during any negotiations which resulted in this Agreement, each had the unlimited right and opportunity to make demands and proposals with respect to any subject matter, each had the right to consult an attorney, that all understanding and agreements arrived at by the parties after the exercise of that right and opportunity are set forth in this Agreement, and, as such, each Party shall be deemed to be the drafter of this Agreement.

Accordingly, we find the circuit court did not commit error by dismissing the complaint in this matter for improper venue.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 13, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3